## TERRITORY OF MONTANA, RESPONDENT, *v.* JAGGERS, APPELLANT.

LARCENY—*Instructions.*— Where the jury were instructed that the proof must show beyond a reasonable doubt "that the steer belonged to the company as alleged in the indictment," and in another instruction the court used the following language: "If he drove the steer in off the range, when it was the property of the corporation charged in the indictment;" *held,* that the instructions should be considered together, and that the latter instruction was clearly hypothetical and did not assume the fact of ownership.

*Appeal from First Judicial District, Beaverhead County.*

The defendant was tried before MCCONNELL, C. J.

*Campbell & Duffy,* for Appellant.

*John B. Clayberg,* Attorney-General, for the Territory, Respondent.

BLAKE, C. J. — The appellant was convicted of the crime of grand larceny, and the court below overruled his motion for a new trial. It is claimed that the evidence "was and is insufficient in law to justify the jury in finding beyond a reasonable doubt and to a moral certainty the guilt of the defendant." It is sufficient to state, in answer to this ambiguous objection, that the proof sustains the verdict. A review of the testimony would not be instructive, and is therefore omitted.

The appellant insists that the court erred in giving to the jury an instruction, using the following language in referring to the appellant: If he "drove the steer in off the range, when it was the property of the corporation charged in the indictment," the legal effect was stated. Counsel contend that this instruction assumed the fact of ownership, and thereby usurped the function of the jury. All the instructions should be considered to determine this alleged error, and the court had already instructed the jury that, among other things constituting the alleged offense, the proof must show beyond a reasonable doubt "that the steer belonged to the company as alleged in the indictment." The observation which is criticised is clearly hypothetical, and we are satisfied that no rights of the appellant were prejudiced. It is also asserted that another instruction

is "erroneous." No reasons are offered and no authorities are cited to uphold this statement, which will not be further noticed.

It is urged by the appellant that the court erred in admitting the testimony of two witnesses, McKay and Smith, concerning the acts of his co-defendant, Pendry, in his absence. An examination of the evidence shows that the accused and Pendry acted together in the commission of the crime for which they were jointly indicted, and that no testimony of the character complained of was received upon the trial. The judgment is affirmed, and the original judgment will be carried into execution as entered in the court below. All concur.